IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:22cv181 |
| TEXAS BOARD OF PARDONS AND PAROLES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Billy Butler filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Plaintiff names the Texas Board of Pardons and Paroles, the members of that Board, the Parole Commissioners, TDCJ Executive Director Bryan Collier, the chairman of the TDCJ Department of Classification and Records, Assistant Director of Classification and Records Debra Gibbs, Judge Jack Skeen, Assistant District Attorney Lucas Machicek, and defense counsel Donald Davidson.

**I. The Plaintiff's Complaint**

Plaintiff complains of the validity of his conviction in that his plea agreement was altered without his knowledge and he received ineffective assistance of counsel, his guilty plea was obtained fraudulently, his state habeas petition was denied without written order even though none of his motions were considered, he was discriminated against in the criminal proceedings because of his lack of mental abilities, the Board of Pardons and Paroles is canceling his work time credits in violation of due process because his parole file contains insufficient information to determine that his release could endanger public safety, he has served in excess of his sentence when his good time

1

and work time credits are calculated, and the cancellation of his good time credits has subjected him to involuntary servitude. Plaintiff states that his lawsuit is combining claims for habeas corpus relief with civil rights claims, under the principles of pendent jurisdiction.

For relief, Plaintiff seeks injunctive relief ordering the Board of Pardons and Paroles to commence a parole hearing in conformity with provisions of the Texas Government Code and Administrative Code, to stop relying on unchanging factors in the formulation of its inherently predictive decision-making, and "all other relief due to Plaintiff like immediate release." He also asks for a declaratory judgment and compensatory and punitive damages.

## II. Other Proceedings

Plaintiff has also filed a habeas corpus petition, styled *Butler v. Marshall, et al.*, civil action no. 6:22cv180. This petition alleges that Plaintiff's plea agreement was wrongfully obtained and that he received ineffective assistance of counsel.

Plaintiff has filed a motion stating that he wishes to dismiss his §1983 lawsuit but move forward with his habeas action, apparently referring to the habeas claims in the present lawsuit. He says that he "has filed a separate suit raising similar challenges and argued that the Parole Board has erroneously denied release based on the nature of the crime and incomplete parole files." He then states that he wishes to dismiss the prosecutorial and judicial misconduct portions of his civil action.

## III. Discussion

In his motion to dismiss, Plaintiff appears to be seeking dismissal of the civil rights aspects of the present lawsuit and retain the habeas corpus aspects. To the extent that his present lawsuit challenges the validity of his conviction, this is duplicative of the habeas petition which he has pending in cause no. 6:22cv180, and may be dismissed on that basis.

Plaintiff also challenges the denial of his release to mandatory supervision as well as the calculation of his good time and work time credits. Such credits apply only to eligibility for release on parole or mandatory supervision and do not reduce the length of a sentence. Tex. Gov. Code art. 498.003(a); *Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994, *reh. den.*); *accord*,

*Gordon v. Perry*, 259 F.App'x 651, 2007 U.S. App. LEXIS 28869, 2007 WL 3273406 (5th Cir., December 13, 2007).

In any event, Plaintiff advised the Court in cause no. 6:22cv180 that he has been released from TDCJ custody, and his current address is a private residence in Harrison County, Texas. His claims concerning good time and the failure to release him on mandatory supervision are therefore moot. *Frischenmeyer v. Quarterman*, 187 F.App'x 378, 2006 U.S. App. LEXIS 15658, 2006 WL 1751231 (5th Cir., June 21, 2006) (claim of refusal to release prisoner on parole became moot upon his release to mandatory supervision), *citing Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *Farr v. Rodriguez*, 255 F.App'x 925, 2007 U.S. App. LEXIS 28191, 2007 WL 4260940 (5th Cir., December 5, 2007) (claim of loss of good time became moot upon prisoner's release from prison because under Texas law, good time would not carry over to any subsequent incarceration), *citing Adair v. Dretke*, 150 F.App'x 329, 2005 U.S. App. LEXIS 21682, 2005 WL 2473569 (5th Cir., October 6, 2005) *and* Tex. Gov. Code art. 498.004(b). Plaintiff's claims concerning his good time and work time, and his claim that the Board of Pardons and Paroles violated his right to due process and failed to release him, should be dismissed as moot.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for voluntary dismissal of his civil rights claims (docket no. 10) be granted and the civil rights claims in this lawsuit, including his claims of prosecutorial and judicial misconduct, be dismissed without prejudice. It is further recommended that Plaintiff's claims concerning the validity of his conviction be dismissed with prejudice as duplicative of the claims in cause no. 6:22cv180. The dismissal of these claims in this lawsuit should not prevent Plaintiff from pursuing these claims in his other case. It is further recommended that the Plaintiff's claims concerning his release on parole or mandatory supervision, and concerning his good time and work time, be dismissed as moot. Finally, it is recommended that a certificate of appealability be denied as to an appeal of any habeas claims raised in this petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 7th day of July, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE